# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

MICHAEL T. COCHRAN,

        Plaintiff,

v.          Case No.  18-1007-JWB

CITY OF WICHITA, et al.,

        Defendants.

## MEMORANDUM AND ORDER

This case comes before the court on Plaintiff's motions for clerk's entry of default (Docs. 18, 19). Plaintiff's motions are DENIED for the reasons set forth herein.

Plaintiff's motions for default judgment state that both Lavonta Williams and Janet Miller were issued summons and have failed to timely respond. Plaintiff moves for default judgment in the amount of $497,600 against both defendants pursuant to R. Civ. P. 55(a) and (b)(1).

Pursuant to Rule 55(a), a clerk may enter default judgment if a defendant has failed to appear. Additionally, the clerk may enter judgment for an amount that is a sum certain by computation. Rule 55(b)(1). As Plaintiff's complaint and motions do not provide for a sum certain by computation but instead include Plaintiff's calculations that do not have any statutory basis, i.e. $20,000 per each violation of Plaintiff's constitutional rights, the court construes Plaintiff's motions under Rule 55(b)(2).

In order to grant Plaintiff's motions for default judgment, Williams and Miller must have been properly served. *Kelly v. Wilson*, No. CIV.A. 09-2188-KHV, 2009 WL 3122519, at *1 (D. Kan. Sept. 29, 2009) (citing *Petersen v. Carbon Cty.*, 156 F.3d 1244, 1998 WL 458555, at *4

(10th Cir. Aug. 6, 1998)). Plaintiff has the burden to "show sufficient service of process as a prerequisite to entry of default." *Id.*

In his complaint, Plaintiff provided the same mailing address for all defendants. (Doc. 1 at 1). A summons was mailed by certified mail to both Williams and Miller at City Hall, 455 N Main St, Wichita, KS 67202. The address also included three additional lines that read "City of Wichita," "City Council Person," and "City Hall," which was consistent with the address provided in Plaintiff's Complaint. (See Docs. 1 at 1, 9, 13). Both summons were returned executed on April 16, 2018. The return receipts were both signed by John Allen. (Docs. 9 at 5; 13 at 5).

Under Rule 4(e), defendants may be served by personal delivery, delivery at the individual's dwelling, delivery to the individual's authorized agent, or pursuant to the laws of the State of Kansas. Fed. R. Civ. P. 4(e)(1)(2). Kansas law permits service on individuals "by return receipt delivery ... addressed to an individual at the individual's dwelling house or usual place of abode and to an authorized agent at the agent's usual or designated address." K.S.A. § 60–304(a).

In his motions, Plaintiff has not shown that John Allen was an authorized agent of Williams and Miller. Moreover, both Williams and Miller are no longer council members for the City of Wichita. In any event, under Kansas law, service must first be attempted to an individual's dwelling or authorized agent prior to being attempted at an individual's business. *Id.*; *Grayson v. Kansas*, No. CIV.A. 06-2375-KHV, 2007 WL 1259990, at *4 (D. Kan. Apr. 30, 2007).

-3-

Therefore, as Plaintiff has failed to show that Williams and Miller were properly served with summons in this matter, the court cannot enter default judgment. *Petersen*, 1998 WL 458555 at *4.

Plaintiff's motions for default judgment (Docs. 18, 19) are DENIED.

Plaintiff will be allowed an additional 30 days from the date of this order to serve Williams and Miller. Plaintiff must provide addresses to the clerk for service. Plaintiff may file a notice or send a letter to the clerk.

IT IS SO ORDERED.

Dated this 14th day of May, 2018, at Wichita, Kansas.

           ___s/ John W. Broomes_____
           JOHN W. BROOMES
           UNITED STATES DISTRICT JUDGE