# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

MICHAEL T. COCHRAN,

    Plaintiff,

v.                                            Case No. 18-1007-JWB

CITY OF WICHITA, et al.,

    Defendants.

## MEMORANDUM AND ORDER

This case comes before the court on Defendants' motions to dismiss (Docs. 22, 24, 26, 37). The motions have been fully briefed and are ripe for decision. (Docs. 23, 25, 27, 29, 30, 38, 40, 41.) Defendants' motions are GRANTED for the reasons stated herein.

### I. Facts and Procedural History

On January 8, 2018, Plaintiff filed this action against current and prior Wichita City Council Members in both their official and personal capacity.[1] Plaintiff also filed claims against Deputy Policy Chief Troy Livingston and City of Wichita Mayor Jeff Longwell. Plaintiff alleges that he had filed a previous action against Defendants alleging constitutional violations for Wichita City Ordinance 11.44.050 (panhandling) and 5.48.040 (begging), in Case No. 17-1127.

---

[1] Although Plaintiff contends that he has not made claims against the City of Wichita (Doc. 30), he has made claims against all officials in their official capacity. (*See* Doc. 1.) The official capacity claims are claims against the City of Wichita. *See Porro v. Barnes*, 624 F.3d 1322, 1328 (10th Cir. 2010) (An official capacity claim "is essentially another way of pleading an action against the county or municipality" the defendant represents.)

In that action, Plaintiff challenged those ordinances for violating his right to free speech.[2] Plaintiff was charged with a violation of 11.44.050 prior to December 12, 2017.[3] (Doc. 1 at 2-3.)

On December 12, 2017, the Wichita City Council proposed ordinances 50-642 (Regarding Pedestrian Activities) and 5.50.010 (Harassing and Aggressive Conduct). Those ordinances were enacted on December 19, 2017, and, as a result, other ordinances were repealed, including ordinance 11.44.050. Plaintiff alleges that the ordinances were enacted due to Defendants' concerns that the homeless and/or panhandlers would embarrass the City during the NCAA tournament in March 2018 and not because of "public safety" concerns. (Doc. 1 at 3.)

Ordinance 50-642 prohibits a pedestrian from approaching or attempting to approach a motor vehicle for the exchange of an item. The ordinance further prohibits a driver from stopping to exchange an item. These activities are prohibited on certain roadways and congested areas in downtown Wichita. A violation is a misdemeanor. Ordinance 5.50.010 prohibits harassing or aggressive contact in a public place which includes: intentional physical contact without another person's consent; intentional interference with the safe and free passage of a person; using violent or threatening conduct; using profane or abusive language that would cause a reasonable person to be fearful of his safety; or approaching another person in a manner and with conduct, words or gestures which are intended or likely to cause a reasonable person to fear imminent bodily harm or damage to or loss of property or be intimidated to transferring anything to the person. Contact is defined in the ordinance as the "intentional action by any person which attempts to attract the attention of any other person for the purpose of inducing such other person

---

[2] Case No. 17-1127 was dismissed in May 2018 by Judge Melgren due to Plaintiff's failure to comply with Fed. R. Civ. P. 8.
[3] Plaintiff does not set forth facts regarding the resolution of his charge which was set for trial January 24, 2018. (Doc. 1.) Plaintiff does make statements in his response (Doc. 29) regarding a jury trial in which he was found not guilty. It is not clear, however, whether the jury trial Plaintiff discusses in his response stems from a charge of panhandling under the previous ordinance or some other charge. (Doc. 29 at 19-20.)

to slow, stop or which obstructs or hinders the movement of such other person to facilitate a transfer of anything to or from either person." (Doc. 38, Exh. D.) A violation of the ordinance is a misdemeanor.

Plaintiff alleges that Defendants conspired with each other in violation of federal law to enact the ordinances and deprive Plaintiff of his First Amendment rights, including his right to free speech, free exercise of his religion, and right to peaceably assemble. Plaintiff states that he continues to panhandle but is under great emotional duress. Plaintiff further alleges that he has not received any donations since December 27, 2017. Plaintiff seeks damages from "December 12, 2017 to the indefinite future for loss of donations, aid and compassion…; loss of ability and right to…exercise his right to freedom of religion and loss of his right to peacably [sic] assemble." (Doc. 1 at 9.)

Defendants have now all moved to dismiss. Defendants contend that Plaintiff's claims are subject to dismissal under Rules 12(b)(1) and 12(b)(6).

## II. Standards Under Rule 12(b)(1)

"Different standards apply to a motion to dismiss based on lack of subject matter jurisdiction under Rule 12(b)(1) and a motion to dismiss for failure to state a claim under Rule 12(b)(6)." *Muscogee (Creek) Nation v. Pruitt*, 669 F.3d 1159, 1167 (10th Cir. 2012). When the court is faced with motions for dismissal relying on both Rule 12(b)(1) and 12(b)(6), the court must first determine that it has subject matter jurisdiction over the controversy before reviewing the merits of the case under Rule 12(b)(6). *Bell v. Hood*, 327 U.S. 678, 682, 66 S. Ct. 773, 90 L.Ed. 939 (1946). Because federal courts are courts of limited jurisdiction, a presumption exists against jurisdiction, and "the burden of establishing the contrary rests upon the party asserting

jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377, 114 S. Ct. 1673, 128 L.Ed.2d 391 (1994).

Therefore, the court will first review the challenge to subject matter jurisdiction.

"Motions to dismiss for lack of subject matter jurisdiction generally take one of two forms: (1) a facial attack on the sufficiency of the complaint's allegations as to subject matter jurisdiction; or (2) a challenge to the actual facts upon which subject matter jurisdiction is based." *City of Albuquerque v. U.S. Dep't of Interior*, 379 F.3d 901, 906 (10th Cir. 2004) (internal citations omitted). If the motion challenges the sufficiency of the complaint's jurisdictional allegations, such as in this case, the court must accept all such allegations as true. *Holt v. United States*, 46 F.3d 1000, 1002 (10th Cir. 1995). If there is a challenge to the actual facts, the court has discretion to allow affidavits and other documents to resolve disputed facts. *Id.* at 1003. In this matter, the court has only considered the ordinances and has not considered any other documents attached to Defendants' motions.

If this court has subject matter jurisdiction, the court will turn to Defendants' arguments regarding Rule 12(b)(6). In order to withstand a motion to dismiss for failure to state a claim, a complaint must contain enough allegations of fact to state a claim to relief that is plausible on its face. *Robbins v. Oklahoma*, 519 F.3d 1242, 1247 (10th Cir. 2008) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 127 S. Ct. 1955, 1974 (2007)). All well-pleaded facts and the reasonable inferences derived from those facts are viewed in the light most favorable to Plaintiff. *Archuleta v. Wagner*, 523 F.3d 1278, 1283 (10th Cir. 2008). Conclusory allegations, however, have no bearing upon the court's consideration. *Shero v. City of Grove, Okla.*, 510 F.3d 1196, 1200 (10th Cir. 2007).

**III.  Analysis**

Article III of the Constitution limits federal courts' jurisdiction to certain cases and controversies. *Clapper v. Amnesty Int'l USA*, 568 U.S. 398, 408, 133 S. Ct. 1138, 1146 (2013). Plaintiff must establish standing in order to invoke this court's jurisdiction. *Lujan v. Defs. of Wildlife,* 504 U.S. 555, 560–61, 112 S. Ct. 2130, 2136 (1992). A court reviews standing for claims that seek both retrospective relief and prospective relief. *See Dias v. City & Cty. of Denver*, 567 F.3d 1169, 1176-78 (10th Cir. 2009). To establish standing, there must be an "injury in fact"; Plaintiff must show a causal connection between the injury and the conduct complained of; and it must be likely that Plaintiff's injury will be "redressed by a favorable decision." *Lujan,* 504 U.S. at 560–61; *see also D.L.S. v. Utah*, 374 F.3d 971, 974 (10th Cir. 2004).

Under the "injury in fact" prong, Plaintiff's injury "must be actual or imminent, not conjectural or hypothetical."[4] *D.L.S*, 374 F.3d at 974. "Allegations of possible future injury do not satisfy the injury in fact requirement, though a plaintiff need not expose himself to actual arrest or prosecution to be entitled to challenge a statute that he claims deters the exercise of his constitutional rights." *Initiative & Referendum Inst. v. Walker*, 450 F.3d 1082, 1087–88 (10th Cir.2006) (internal quotation marks and citations omitted).

Plaintiff contends in his response that he has standing to bring this complaint due to the previous arrests, harassment by the police, and an imminent threat of arrest.  (Doc. 29 at 15.) While the claim of arrest and harassment may support standing for retrospective relief, Plaintiff's

---

[4] In his response, Plaintiff does not contend that his alleged loss of donations is sufficient to establish an injury in fact. The court finds that a loss of donations, which are dependent upon the generosity of unknown third parties, does not establish an actual injury as it is not "concrete and particularized… actual and imminent" but rather is speculative and conjectural. *Summers v. Earth Island Inst*., 555 U.S. 488, 493, 129 S. Ct. 1142, 1149, 173 L. Ed. 2d 1 (2009). Moreover, there is no allegation that Plaintiff has a legally protected interest in those donations. *See Lujan*, 504 U.S. at 578. Therefore, this allegation does not establish an actual injury sufficient to invoke jurisdiction.

complaint does not state a claim against Defendants for any actions related to Plaintiff's arrest or previous harassment. Rather, Plaintiff's claims contend that Defendants conspired to violate his rights by passing the new ordinances, which were enacted on December 19, 2017, and seeks damages for actions after December 12, 2017. Based on Plaintiff's allegations, his arrest and harassment occurred prior to the passing of the new ordinances. There are no allegations of an arrest and harassment after December 12, 2017. Plaintiff has not alleged that his prior arrest and alleged harassment related to the ordinances at issue. Because Plaintiff is seeking prospective relief based on the ordinances that were newly enacted, Plaintiff cannot use a past injury to establish standing. "To establish standing to seek prospective relief, a plaintiff must show a continuing injury; standing for retrospective relief can be based on past injuries." *Dias v. City & Cty. of Denver*, 567 F.3d 1169, 1176 (10th Cir. 2009).

Plaintiff's remaining alleged injury is the threat of arrest. "When a plaintiff challenges the validity of a criminal statute under which he has not been prosecuted, he must show a 'real and immediate threat' of his future prosecution under that statute to satisfy the injury in fact requirement." *D.L.S.*, 374 F.3d at 974 (citing *Faustin v. City and County of Denver, Colo.*, 268 F.3d 942, 948 (10th Cir. 2001)). Although Plaintiff's complaint alleges that he is fearful of arrest, Plaintiff has not alleged that there is a real and immediate threat of future prosecution. The ordinances at issue do not prohibit all panhandling. Rather, they prohibit the exchanging of anything in certain designated congested areas. They also prohibit certain aggressive behavior. Plaintiff's complaint states that he is homeless and he engages in panhandling. Those allegations, in and of themselves, do not support a finding that Plaintiff has sufficiently alleged a real and immediate threat of prosecution under the ordinances. *See Dias*, 567 F.3d at 1176 (10th Cir. 2009) (no standing because Plaintiff did not allege a credible threat of prosecution as Plaintiff

did not reside in the city and no allegation of intent to return to the city); *Browne v. City of Grand Junction, Colorado*, 85 F. Supp.3d 1249, 1253–54 (D. Colo. 2015) (allegations insufficient to allege conduct in violation of ordinance).

Plaintiff may also establish the requirement of a concrete and particularized injury due to a chilling effect on his speech by alleging "(1) evidence that in the past [he has] engaged in the type of speech affected by the challenged government action; (2) affidavits or testimony stating a present desire, though no specific plans, to engage in such speech; and (3) a plausible claim that [he] presently [has] no intention to do so because of a credible threat that the statute will be enforced." *Initiative*, 450 F.3d at 1089.

Reviewing the complaint, it is clear that Plaintiff has not sufficiently alleged an injury due to a chilling effect on his speech. Although Plaintiff has alleged that he panhandles, there is no allegation that his panhandling occurs in an area that is not allowed under the ordinance. Moreover, Plaintiff has not alleged that his panhandling is in an aggressive manner as is prohibited by the ordinance. Therefore, Plaintiff has not alleged that he engaged in speech that was directly affected by the ordinances. Moreover, Plaintiff has not sufficiently alleged that he has no desire to engage in the speech due to a threat that he will be arrested or that he has limited his speech in some way due to the impending threat of arrest. Plaintiff's complaint alleges that he continues to panhandle.

Therefore, Plaintiff has failed to establish standing to seek prospective relief.

**IV.     Conclusion**

Plaintiff's complaint fails to state facts which would support a finding that this court has subject matter jurisdiction over Plaintiff's claims. Because Plaintiff may be able to overcome this deficiency, the court will allow Plaintiff an opportunity to amend his complaint. *See Knight*

*v. Mooring Capital Fund, LLC*, 749 F.3d 1180, 1190 (10th Cir. 2014) ("pro se parties generally should be given leave to amend" unless it would be futile.) Plaintiff must file an amended complaint within 14 days of the date of this order.

Therefore, Defendants' motions to dismiss are GRANTED (Docs. 22, 24, 26, 37); however, this portion of this order is STAYED for 14 days following the date hereof. If Plaintiff files an amended complaint within that time period, this portion of this order shall be automatically VACATED, and the foregoing motions to dismiss will be DENIED AS MOOT, but without prejudice to re-filing in light of any such amended complaint. If Plaintiff fails to file an amended complaint within 14 days following the date hereof, the stay of this order imposed above shall be automatically lifted and the case shall be DISMISSED. In the event Plaintiff timely files an amended complaint, in addition to timely answering or filing an appropriate pleading, Defendants must file a response to Plaintiff's Motion for Preliminary Injunction (Doc. 4) within 21 days of the filing of Plaintiff's amended complaint.

The stay applied in the preceding paragraph shall not apply to the rulings contained in this paragraph, which shall be effective upon filing of this order. Plaintiff's applications for clerk's entry of default against Janet Miller, Lavonta Williams and Troy Livingston are DENIED (Docs. 32, 33, 34). Plaintiff's motion for service of summons on Defendant Pete Meitzner is DENIED AS MOOT. (Doc. 36.) Meitzner was served with summons on April 16. (Doc. 39.)

IT IS SO ORDERED this 9th day of August, 2018.

          s/ John W. Broomes
          JOHN W. BROOMES
          UNITED STATES DISTRICT JUDGE