# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| MICHAEL T. COCHRAN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 18-1007-JWB-GEB |
| ) | |
| CITY OF WICHITA, KANSAS, et al., ) | |
| ) | |
| Defendants. ) | |
| ) | |

## MEMORANDUM AND ORDER

This matter comes before the Court on Plaintiff's Motion to Recuse/Disqualify Magistrate Judge (ECF No. 6). After carefully reviewing Plaintiff's arguments, the Court **DENIES** Plaintiff's Motion.

**I.  Background**

Plaintiff's Motion seeks recusal of the undersigned magistrate judge based on alleged oral statements and judicial rulings made in a previous case, *Cochran v. City of Wichita, Kansas, et al.*, Case No. 17-1127. Detailed background information regarding Case No. 17-1127 can be find in the Court's previous orders,[1] and will only be repeated summarily here.

Plaintiff filed his Complaint in Case No. 17-1127 on June 5, 2017.[2] On August 23, 2017, the Court conducted an in person hearing to explain to Plaintiff why his Complaint

---

[1] *See* ECF Nos. 6, 7, 16 and 17 in Case No. 17-1127.
[2] ECF No. 1 in Case No. 17-1127.

was legally deficient and what steps he needed to take to amend his Complaint to avoid a recommendation of dismissal.[3] On that same day, the Court entered Orders memorializing what occurred during the hearing.[4] On November 20, 2017, Plaintiff filed an Amended Complaint.[5] The undersigned reviewed Plaintiff's Amended Complaint and concluded it still failed to comply with federal pleading requirements.[6] Accordingly, the Court entered a Report and Recommendation recommending dismissal without prejudice on April 4, 2018.[7]

On April 17, 2018, Plaintiff filed objections to the Report and Recommendation.[8] On that same day, Plaintiff filed the instant Motion in both cases.[9] On May 2, 2018, District Judge Eric F. Melgren adopted the undersigned's Report and Recommendation and dismissed Case No. 17-1127 without prejudice.[10] Plaintiff did not appeal the judgment.[11]

Regarding the instant case, Plaintiff filed his Complaint on January 8, 2018.[12] The undersigned granted Plaintiff's Motion to Proceed without Prepayment of Fees on April 4, 2018 and allowed service of the Complaint to proceed on all Defendants.[13] Plaintiff filed an Amended Complaint on August 22, 2018,[14] and the case was allowed to proceed on

---

[3] ECF No. 6 in Case No. 17-1127.
[4] ECF Nos. 6 and 7 in Case No. 17-1127.
[5] ECF No. 15 in Case No. 17-1127.
[6] ECF No. 16 in Case No. 17-1127.
[7] *Id.*
[8] ECF No. 18 in Case No. 17-1127.
[9] ECF No. 19 in Case No. 17-1127; ECF No. 6 in Case No. 18-1007.
[10] *See* ECF Nos. 21 and 22 in Case No. 17-1127.
[11] *See generally* Case No. 17-1127.
[12] ECF No. 1 in Case No. 18-1007.
[13] ECF No. 5 in Case No. 18-1007.
[14] ECF No. 46 Case No. 18-1007.

August 30, 2018.[15] Defendants have filed motions to dismiss regarding the Amended Complaint, which are currently pending before the District Judge.[16]

## II. Legal Standard

Plaintiff argues the undersigned should recuse pursuant to 28 U.S.C. §§ 144 and 455(a) and (b)(1). As a general matter, a court has discretion when deciding whether to recuse.[17] Additionally, courts must exercise caution in considering motions for recusal in order to discourage their use for judge shopping.[18]

For recusal under § 144, the moving party must submit an affidavit showing bias and prejudice.[19] The bias and prejudice must be personal, extrajudicial, and identified by "facts of time, place, persons, occasions, and circumstances."[20] These facts will be accepted as true, but they must be more than conclusions, rumors, beliefs, and opinions.[21] Additionally, "the affidavit is strictly construed against the affiant, and there is a substantial burden on the moving party to demonstrate the judge is not impartial."[22]

Under Sections 455(a) and (b)(1), a judge "shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned" or if "he has a

---

[15] ECF No. 47 in Case No. 18-1007 (denying as moot the pending motions to dismiss due to the filing of Plaintiff's Amended Complaint).
[16] ECF Nos. 49 and 51 in Case No. 18-1007.
[17] *Zhu v. Johns*, No. 07-4001-KHV, 2007 WL 4561526, at *1 (D. Kan. Dec. 21, 2007) (citing *Weatherhead v. Globe Int'l, Inc.*, 832 F.2d 1226, 1227 (10th Cir.1987)).
[18] *Cox v. Ann (LNU)*, No. CIV.A. 12-2678-DDC-G, 2014 WL 7272531, at *2 (D. Kan. Dec. 18, 2014).
[19] *Id.* at *1.
[20] *Id.* (quoting *Burleson v. Sprint PCS Group*, 123 F. App'x 957, 960 (10th Cir.2005) (internal citations omitted)).
[21] *Id.*
[22] *Hinman v. Rogers,* 831 F.2d 937, 939 (10th Cir. 1987) (internal citations omitted).

personal bias or prejudice concerning a party." Section (b)(1) is subjective and contains the "extrajudicial source" limitation.[23] Recusal may be appropriate "when a judge's decisions, opinions, or remarks stem from an extrajudicial source, i.e., a source outside the judicial proceedings."[24] Recusal is also necessary when a judge's actions or comments "reveal such a high degree of favoritism or antagonism as to make fair judgment impossible."[25]

Section 455(a) has a broader reach than subsection (b), and the standard is not subjective, but rather objective.[26] "The goal of section 455(a) is to avoid even the appearance of partiality."[27] The factual allegations need not be taken as true, and the test is "whether a reasonable person, knowing all the relevant facts, would harbor doubts about the judge's impartiality."[28] Moreover, a litigant's feelings "which, of necessity, must be subjective, cannot without more be made the test."[29] Additionally, "adverse judicial rulings, standing alone, do not constitute a valid basis for recusal based on bias or partiality."[30]

The Tenth Circuit has cautioned that "section 455(a) must not be so broadly construed that it becomes, in effect, presumptive, so that recusal is mandated upon the

---

[23] *Cox*, 2014 WL 7272531, at *1 (citing *Liteky v. United States*, 510 U.S. 540 (1994)).
[24] *United States v. Nickl*, 427 F.3d 1286, 1298 (10th Cir.2005) (citing *Liteky*, 510 U.S. at 554–55).
[25] *Id.* (quoting *Liteky*, 510 U.S. at 555).
[26] *See Nichols v. Alley*, 71 F.3d 347, 350 (10th Cir.1995) (citing *Liljeberg v. Health Servs. Acquisition Corp.*, 486 U.S. 847, 858 n. 7 (1988)).
[27] *Cox*, 2014 WL 7272531, at *1 (quoting *Liljeberg*, 486 U.S. at 860).
[28] *Nichols*, 71 F.3d at 350–51 (quoting *United States v. Cooley*, 1 F.3d 985, 993 (10th Cir.1993)).
[29] *Zhu*, 2007 WL 4561526, at *1 (citing *United States v. Corr*, 434 F.Supp. 408, 413 (S.D.N.Y. 1977) (quoting *Wolfson v. Palmieri*, 396 F.2d 121, 125 (2nd Cir.1968))).
[30] *Traylor v. Gibson*, 202 F.3d 283, 2000 WL 16328, at *1 (10th Cir. 2000) (citing *Liteky*, 510 U.S. at 555).

merest unsubstantiated suggestion of personal bias or prejudice."[31] "The statute is not intended to give litigants a veto power over sitting judges, or a vehicle for obtaining a judge of their choice."[32] Finally, "[t]here is as much obligation for a judge not to recuse when there is no occasion for [her] to do so as there is for [her] to do so when there is."[33]

## III. Discussion

The undersigned has no personal bias for or against any party to this action. The sole concern of this Court is the evenhanded administration of justice, to ensure that all litigants have access to justice and that all litigants' rights are protected. But because appearance of bias or prejudice is as much at issue as bias or prejudice in fact, the undersigned has carefully reviewed the record in this case and Case No. 17-1127 to determine whether a reasonable person would harbor doubts about impartiality. The conclusion is a reasonable person would not.

### A. Oral Statements from August 23, 2017 Hearing

Plaintiff alleges the undersigned made statements during an August 23, 2017 hearing in Case No. 17-1127 which show personal bias. A careful review of the recording from that hearing reveals the purported quotes attributed to the undersigned find no support in the record. They are inaccurate or nonexistent. Moreover, they neither represent a fair paraphrase of the Court's comments nor do they capture the tenor or import of the Court's comments or actions. The sole purpose of the August 23, 2017 hearing was to explain, in

---

[31] *Cox*, 2014 WL 7272531, at *2 (citing *Cooley*, 1 F.3d at 993 (quoting *Franks v. Nimmo*, 796 F.2d 1230, 1234 (10th Cir.1986)).
[32] *Cooley*, 1 F.3d at 993.
[33] *Hinman*, 831 F.2d at 939 (internal citations omitted).

person, to Plaintiff why his original Complaint was legally deficient, what steps he needed to take to correct it, and to give him a chance to do so. The undersigned explained to Plaintiff she wanted him to have access to justice and to have an opportunity to have his claims heard in federal court, but that he needed to amend his complaint to comply with the federal pleading rules for that to occur.

Additionally, the Court believes if Plaintiff was so concerned with the undersigned's alleged comments during the hearing, he would have filed the instant Motion shortly after the hearing, and not eight months later after the Court's April 4, 2018 Report and Recommendation, which recommended dismissal of his case. Thus, no reasonable person, knowing all the relevant facts, would harbor doubts about the undersigned's impartiality or find any basis to infer bias or prejudice toward Plaintiff.

### B. Written Statements from August 23, 2017 and April 4, 2018 Rulings

Plaintiff also alleges portions of the Court's August 23, 2017 Order and April 4, 2018 Report and Recommendation in Case No. 17-1127[34] show personal bias toward Plaintiff and "intentionally falsifies, misleads and exaggerates" the size and substance of Plaintiff's Amended Complaint[35] to "deceive" the reviewing District Judge into dismissing Plaintiff's case.

---

[34] ECF Nos. 7 and 16.
[35] Plaintiff complains the undersigned "falsely" stated Plaintiff's Amended Complaint is a "Second Amended Complaint" in the April 4, 2018 Report and Recommendation. (*See* Plaintiff's Motion, ECF No. 6, at p. 5). A review of the Report and Recommendation shows this Court did erroneously refer to Plaintiff's Amended Complaint as a "Second Amended Complaint" on page 6. (*See* ECF No. 16 in Case No. 17-1127). However, a review of the Report and Recommendation as a whole shows this was a typo on the Court's part as Plaintiff's Amended Complaint is properly called such in the rest of the Report and Recommendation.

The Supreme Court has explained that while adverse judicial rulings are proper grounds for appeal, they "almost never constitute a valid basis for a bias or partiality motion."[36] When no extrajudicial source is relied upon as a ground for recusal, "opinions formed by the judge on the basis of facts introduced or events occurring in the course of the current proceedings, or of prior proceedings, do not constitute a basis for a bias or partiality motion unless they display a deep-seated favoritism or antagonism that would make fair judgment impossible."[37] After a thorough review of the record, this Court finds no reasonable person would believe the undersigned's August 23, 2017 Order and April 4, 2018 Report and Recommendation implicates the level of "deep-seated favoritism or antagonism" that would make recusal proper.

In fact, Plaintiff was allowed an opportunity to object to the April 4, 2018 Report and Recommendation, which he did on the same day he filed this Motion. District Judge Eric F. Melgren then undertook an independent review of the Report and Recommendation and Plaintiff's objections. Judge Melgren agreed with the undersigned's Report and Recommendation and dismissed Plaintiff's case without prejudice. Plaintiff did not appeal that decision.

Moreover, in the present case, the undersigned had a duty when deciding whether to grant Plaintiff's Motion to Proceed without Prepayment of Fees to review the underlying Complaint.[38] The undersigned did so, and finding it to have merit and to comply with the

---

[36] *Liteky*, 510 U.S. at 555.
[37] *Id.*
[38] Regarding proceedings in forma pauperis, a court "shall dismiss the case" if it determines the action is frivolous or malicious; fails to state a claim on which relief may be granted; or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2).

federal pleading rules, the Court granted Plaintiff's Motion to Proceed without Prepayment of Fees and allowed service of the Complaint to go forward. Thus, the undersigned has not displayed bias or antagonism against Plaintiff that would make fair judgement impossible.

## IV. Conclusion

The Court has examined the arguments presented by Plaintiff, the record in this case and in Case No. 17-1127, and finds no valid or reasonable basis for Plaintiff's claims of bias and partiality by the undersigned magistrate judge. Rather, Plaintiff's Motion appears to rest almost entirely on the fact that the undersigned made rulings adverse to him in Case No. 17-1127. As stated above, displeasure with a court's rulings is not grounds for recusal.[39] Based on the foregoing, Plaintiff's Motion is denied.

**IT IS THEREFORE ORDERED** that Plaintiff's Motion to Recuse/Disqualify Magistrate Judge (ECF No. 6) is **DENIED**.

**IT IS SO ORDERED.**

Dated at Wichita, Kansas this 26th day of October, 2018.

s/ Gwynne E. Birzer
GWYNNE E. BIRZER
United States Magistrate Judge

---

[39] *See also Hall v. Doering*, 185 F.R.D. 639, 643 (D. Kan. 1999) ("Recusal statutes are meant to shield litigants from biased and prejudiced judges, and not as a means of protesting court orders and procedures with which litigants disagree.").