# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

MICHAEL T. COCHRAN,

    Plaintiff,

v.    Case No. 18-1007-JWB

CITY OF WICHITA, et al.,

    Defendants.

**MEMORANDUM AND ORDER**

This case comes before the court on Plaintiff's motions to strike various filings by Defendants (Docs. 54, 57, 60, 61.) The motions have been fully briefed and are ripe for decision. (Docs. 59, 62.) Plaintiff's motions are DENIED for the reasons herein.

Plaintiff moves to strike Defendants' filings for various reasons, asserting that Defendants have pled insufficient defenses in the motions to dismiss and that Defendants have exceeded the page limitations in this court's standing order. With respect to Plaintiff's argument that Defendants' have stated an insufficient or improper defense, the court will determine the merits of Defendants' defenses when the court rules on the pending motions to dismiss. Plaintiff also states that he has been prejudiced as he attempted to comply with this court's standing order by restricting his single response brief to both motions to less than 20 pages and has not been able to address all of Defendants' arguments. (Doc. 61 at 2.)

This court's standing order on page limitations limits memoranda in support of motions to dismiss to 30 pages. *See* http://ksd.uscourts.gov/index.php/guideline-order/standing-order-on-page-limitations. The page limitation does not include exhibits, such as an affidavit. Also,

parties should not seek to evade the page limit rule by filing multiple motions for different and discrete **claims**. *Id.* Plaintiff appears to interpret the two pending motions to dismiss as an attempt to evade the page limitations. (*See* Docs. 58, 61.) There are two pending motions to dismiss: a motion to dismiss filed by Defendant Troy Livingston (Doc. 49) and a motion to dismiss filed by the remaining Defendants (Doc. 51). The page limitation order does not prevent multiple defendants from filing separate motions to dismiss. Nor does it prevent a defendant from attaching an affidavit as an exhibit. The memoranda filed in support of the pending motions comply with this court's standing order. Under the order, Plaintiff could file **two** responses that do not exceed 30 pages.

Plaintiff's initial response was 18 pages and Plaintiff spent more than half of his response brief discussing this court's page limitations. Because Plaintiff has indicated that he believed he could not exceed 20 pages and was unable to address all of Defendants' arguments, the court will allow Plaintiff, should he so choose, to file amended response briefs. Plaintiff may file two separate responses addressing the pending motions to dismiss (Docs. 49, 51) that do not exceed 30 pages, for a total page limit of 60 pages. Plaintiff's amended responses are due within 30 days of this order. Defendants may file a reply brief within 14 days of Plaintiff's amended responses. Should Plaintiff choose to file amended responses, his current response brief (Doc. 58) will not be considered by the court and any arguments Plaintiff may have raised on the merits in his initial response must be included in the amended responses if Plaintiff would like the court to consider such arguments. If Plaintiff does not file amended responses, the motions to dismiss will be ripe and ready for ruling.

Plaintiff's motions to strike are DENIED (Docs. 54, 57, 60, 61) for the reasons herein.

IT IS THEREFORE ORDERED.

Dated this 31st day of October, 2018, at Wichita, Kansas.

                                                   s/ John W. Broomes
                                                  JOHN W. BROOMES
                                                  UNITED STATES DISTRICT JUDGE