# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

MICHAEL T. COCHRAN,

        Plaintiff,

v.                                                     Case No. 18-1007-JWB

CITY OF WICHITA, et al.,

        Defendants.

**MEMORANDUM AND ORDER**

This case comes before the court on Defendants' motions to dismiss (Docs. 49, 51.) The motions have been fully briefed and are ripe for decision. (Docs. 50, 52, 70, 71.) Defendants' motions are GRANTED for the reasons stated herein.

### I. Facts and Procedural History

On January 8, 2018, Plaintiff filed this action against current and prior Wichita City Council Members in both their official and personal capacity. Plaintiff also filed claims against Deputy Police Chief Troy Livingston and City of Wichita Mayor Jeff Longwell. Plaintiff alleges that he had filed a previous action against Defendants alleging constitutional violations for Wichita City Ordinance 11.44.050 (panhandling) and 5.48.040 (begging), in Case No. 17-1127. In that action, Plaintiff challenged those ordinances for violating his right to free speech. Case No. 17-1127 was dismissed in May 2018 by Judge Melgren due to Plaintiff's failure to comply with Fed. R. Civ. P. 8.

On December 12, 2017, the Wichita City Council proposed ordinances 50-642 (Regarding Pedestrian Activities) and 5.50.010 (Harassing and Aggressive Conduct). Those

ordinances were enacted on December 19, 2017, and, as a result, other ordinances were repealed, including ordinance 11.44.050. Plaintiff alleges that the ordinances were enacted due to Defendants' concerns that the homeless and/or panhandlers would embarrass the City during the NCAA tournament in March 2018 and not because of "public safety" concerns. (Doc. 1 at 3.)

Plaintiff's original complaint was ten pages long and set forth allegations that Defendants conspired with each other in violation of federal law to enact the ordinances and deprive Plaintiff of his First Amendment rights, including his right to free speech, free exercise of his religion, and right to peaceably assemble. Defendants moved to dismiss Plaintiff's original complaint. On August 9, 2018, this court found that Plaintiff's complaint failed to establish that this court had subject matter jurisdiction over his claims. (Doc. 45 at 7.) The court held that Plaintiff failed to allege that he has suffered an injury due to a chilling effect on his speech and failed to allege that his speech was being limited by Defendants' conduct. (*Id.*) The court gave Plaintiff an opportunity to amend in order to cure this deficiency.

On August 22, 2018, Plaintiff filed an amended complaint. Plaintiff's amended complaint spans 70 pages and includes additional claims not included in Plaintiff's original complaint, such as a failure to "prevent or aid to prevent the enforcement of the hostile takeover of the City of Wichita Municipal Court under City of Wichita Charter Ordinance 223…" (Doc. 46 at 52.) Plaintiff's amended complaint also makes conclusory statements such as the ordinance violates his rights under "Amendments: I, IV, V, VI, VIII, IX, X, and XIV, Section1." (Doc. 46 at 42.)

Defendants have moved to dismiss Plaintiff's amended complaint. Defendants assert that Plaintiff's amended complaint fails to comply with Rule 8(a)(2) and also should be dismissed under Rule 12(b)(6).

## II.     Analysis

Federal Rule of Civil Procedure 8(a) provides a complaint must contain "a short and plain statement of the grounds for the court's jurisdiction" and "a short and plain statement of the claim showing that the pleader is entitled to relief."  "Each allegation must be simple, concise, and direct."  Rule 8(d)(1).  Significantly, Rule 8(a) does not establish a floor but "a ceiling (the complaint must be no more than 'a short and plain statement')."  *Frazier v. Ortiz*, No. 06-1286, 2007 WL 10765, at *2 (10th Cir. Jan. 3, 2007) (citing *New Home Appliance Ctr., Inc. v. Thompson*, 250 F.2d 881, 883 (10th Cir. 1957)).  Only a "generalized statement of the facts" is "permissible."  *Id.*  Failure to comply with these pleading requirements can result in dismissal sua sponte.  *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1161 and n. 2 (2007) ("And, to be sure, a failure to satisfy Rule 8 can supply a basis for dismissal: Rule 41(b) specifically authorizes a district court to dismiss an action for failing to comply with any aspect of the Federal Rules of Civil Procedure.").  While pro se pleadings are construed liberally, a pro se Plaintiff must follow the federal rules of civil procedure, including Rule 8.  *Windsor v. Colorado Dep't of Corr.*, 9 F. App'x 967, 969 (10th Cir. 2001) (citing *Ogden v. San Juan County*, 32 F.3d 452, 455 (10th Cir. 1994), *cert. denied*, 513 U.S. 1090 (1995)).

A complaint has two purposes: to provide the opposing parties fair notice of the claims against them and to allow a court to determine whether a plaintiff is entitled to relief.  *Monument Builders of Greater Kan. City, Inc. v. Am. Cemetery Ass'n of Kan.*, 891 F.2d 1473, 1480 (10th Cir. 1989).  These purposes are thwarted when a complaint is unnecessarily long and includes a "a morass of irrelevancies."  *Baker v. City of Loveland*, 686 F. App'x 619, 620 (10th Cir. 2017).  This court plainly directed Plaintiff to amend his complaint in order to avoid dismissal.  The court's instruction was to add allegations regarding his First Amendment claim which would

support this court's subject matter jurisdiction. This court's order specifically identified the problems with Plaintiff's 10-page complaint.

Instead of merely amending his complaint to add those allegations, however, Plaintiff's amended complaint ballooned to more than five times the original complaint. Plaintiff's "extended discussion of his claims cloud, rather than illuminate, whatever facts and law may support his right to recovery." *Frazier*, 2007 WL 10765, at *2. Plaintiff's claims are essentially a long, convoluted and rambling narrative rather than a short and plain statement. In addition to raising claims in his original complaint, Plaintiff has also asserted facts regarding the alleged unconstitutionality of the Wichita Municipal Court. Plaintiff asserts that the City of Wichita has utilized the Home Rule Clause in the Kansas Constitution to effectuate a "hostile takeover" of the Municipal Court. (Doc. 46 at 27.) Plaintiff spends pages discussing the Municipal Court. Moreover, Plaintiff's amended complaint squanders "dozens of pages on repetitive information." *Frazier*, 2007 WL 10765, at *2 (dismissing an amended complaint in part because of the repetitive information included). Instead of specifying what each named Defendant actually did, Plaintiff appears to have copied and pasted large sections into claims against each Defendant. It is not the job of the Court or Defendants to "search through the Complaint and its voluminous exhibits to glean a clear and succinct statement of each claim for relief." *Windsor*, 9 F. App'x at 968 (quoting magistrate judge's order); *see also Mann v. Boatright*, 477 F.3d 1140, 1148 (10th Cir. 2007) ("It was not the district court's job to stitch together cognizable claims for relief from the wholly deficient pleading that [plaintiff] filed.").

Plaintiff's amended complaint fails to sufficiently and succinctly identify his claims and facts alleged against each Defendant. Rather, it is a long-winded recitation of facts, conclusory allegations, and various legal quotations. Even construing Plaintiff's pro-se pleading liberally,

the Court finds Plaintiff's amended complaint fails to comply with the "short and plain statement" requirements of Rule 8.

Although Defendants seek dismissal with prejudice, the court will dismiss this action without prejudice. Should Plaintiff seek to refile any of his claims, Plaintiff must set forth a short and plain statement of his claims. Failure to comply with Rule 8 on a subsequent complaint may result in dismissal with prejudice.

### III.    Conclusion

Defendants' motions to dismiss are GRANTED (Docs. 49, 51). Plaintiff's amended complaint is dismissed, without prejudice. Should Plaintiff choose to file an action against these Defendants or any other defendant, Plaintiff must comply with the Federal Rules of Civil Procedure, including Rule 8(a)(2).

IT IS SO ORDERED this 21st day of February, 2019.

_____s/ John W. Broomes_____
JOHN W. BROOMES
UNITED STATES DISTRICT JUDGE